ANDERSON v. PARKER.

5-1674                                      317 S. W. 2d 721

Opinion delivered November 17, 1958.

B. Ball and Spencer & Spencer, for appellant.

C. C. Hollensworth, for appellee.

SAM ROBINSON, Associate Justice. In 1947, Nettie Hatridge Parker executed her will. In 1953 she married the appellee herein, Doyle E. Parker. She died March 26, 1957, and appellant, Barney Anderson, is the sole beneficiary under her will. He has appealed to this Court from an order of the probate court allowing Parker curtesy in the estate of the deceased.

Ark. Stat. § 61-229 provides that curtesy shall be assigned the same as dower. Section 62-704 provides that if dower be not assigned to the widow within one year after the death of her husband, or within three months after demand made therefor, she may file in the court of probate a petition for allotment of dower.

On June 18, 1957, Parker made demand upon Anderson for the allotment of curtesy. The demand was addressed to Anderson as executor. On September 5, 1957, a petition for assignment of curtesy was filed in probate court by Parker. On September 24th Anderson filed a motion to quash service, alleging that the notice was addressed to his attorneys, and he appeared specifically and only on the motion. On October 14th Anderson filed a motion to dismiss the petition for curtesy because the petition was filed September 5th, which was

less than three months after demand for curtesy had been made on June 18th. On October 22nd Anderson demurred to the petition for curtesy, alleging that the demand was on the executor, and, further, that the petition did not allege that the Parkers had a child born alive to them.

On November 4th there was a hearing on the petition to dismiss and there was a finding by the court that the petition was refiled September 25th, which was more than three months subsequent to the notice given on June 18th. Also on November 4th the court made a finding that although the notice was directed to Anderson as executor, it was served on him personally and it is not necessary in order for curtesy to attach that a child be born to the marriage. The court overruled the demurrer. On November 4th Anderson filed a response to the petition for assignment of curtesy, without saving the point on the question of proper service. But even if Anderson had preserved his objection to the court's refusal to quash service, he could not prevail on that point, because of the court's finding that Anderson was actually served individually.

Appellant's second contention, that a child must be born alive to the husband and wife before curtesy will attach, is without merit. Our statute establishing the right of curtesy, Ark. Stat. § 61-228, is a part of Act 313 of 1939. Section 5 (Ark. Stat. § 61-232) of the Act provides: "The purpose of this measure is to give a surviving husband the same interest in the deceased wife's estate as a widow now has in the estate of her husband, so far as Section 7 of Article 9 of the Constitution permits." Certainly it is not necessary that a child be born alive to a husband and wife before the widow is entitled to dower.

Affirmed.